# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO R. COLON,<br><br>    Plaintiff,<br> v.<br>LOS ANGELES COUNTY JAIL,<br><br>    Defendant. | Case No. 2:18-cv-09727-R (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

   On November 19, 2018, plaintiff, who is presently incarcerated at the Twin Towers Correctional Facility in Los Angeles, filed a Complaint (ECF No. 1) in this *pro se* civil rights action under 42 U.S.C. §1983. Plaintiff has named a single defendant, "Los Angeles County Jail." His allegations concern injuries that he allegedly sustained on October 28, 2018, as a result of a broken window in the jail that fell, striking him on the back of the neck. This resulted in cuts to plaintiff's neck, arms and feet. The Complaint further alleges that plaintiff was given inadequate medical assistance and that no x-rays were taken of plaintiff's neck and shoulders. It is alleged that plaintiff has pinched nerves in both arms and cannot turn his head to the right. The Complaint also alleges that the window had been originally broken on approximately August 2 or 3, 2018, but had not been fixed despite multiple work orders and random shards of glass falling from it. The Complaint seeks monetary

damages of at least $1.5 million.

The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe*

*v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d

795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Since plaintiff is a *pro se* litigant, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's Complaint must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Here, plaintiff's Complaint fails to set forth a simple and direct statement of the factual basis of any claim that is sufficient to allow any defendant to discern what he or she is being sued for.

Following careful review of the Complaint, the Court finds that it fails to name a defendant that is a "person" who acted under color of state law as required for a

claim under Section 1983 and fails to allege any specific municipal policies or practices of the City of Los Angeles that caused Plaintiff's injuries. The Complaint thus fails to state a claim upon which relief may be granted. Moreover, to the extent the Complaint is attempting to state a claim for deliberate indifference to plaintiff's medical needs, it has not adequately pled such a claim.

To state a federal civil rights claim, plaintiff must allege that a "person," while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The term "person" includes state and local officials sued in their individual capacities and local governments. *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). It does not, however, encompass "sub-units" of local governments such as municipal departments or agencies. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983); *Morales v. City of Delano,* 2010 WL 2942645, at *3-4 (E.D. Cal. July 23, 2010) (collecting cases holding that municipal sub-units, such as police departments, are not "persons" under section 1983). Accordingly, the "Los Angeles County Jail," as a municipal sub-unit is not a person under Section 1983 and not a proper defendant.

Moreover, even if the Complaint could be read as a suit against the City of Los Angeles, a local government is liable in a section 1983 action only if the plaintiff can establish that the municipality or county sued "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978)). In *Monell*, the Supreme Court specifically rejected governmental liability based on the doctrine of respondeat superior, or vicarious liability. 436 U.S. at 691-94. Therefore, a local government cannot be held liable under section 1983 merely because one or more of

its employees violated a person's rights. *Id*. The Complaint here, however, does not identify, as required by *Monell*, any specific municipal policies or practices of the City of Los Angeles that caused Plaintiff's alleged injuries. For this reason, the Complaint must be dismissed with leave to amend.

As to the Complaint's allegations concerning inadequate medical care, a defendant is liable for the denial or delay of medical care for a prisoner's serious medical needs only when the defendant is deliberately indifferent to the prisoner's known serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The test for deliberate indifference contains two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. (*Id*.) Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. (*Id*.) To satisfy this second part, plaintiff must show (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by such indifference. (*Id*.) In this case, while the Complaint's allegations may be sufficient to satisfy the first prong of the test, there are inadequate allegations as to who allegedly acted with deliberate indifference, how that person learned of plaintiff's serious medical need, what the person specifically did or did not do in response to that knowledge, and in what way those actions resulted in plaintiff's injury. This is another reason why the Complaint must be dismissed for failure to state a claim.

Plaintiff is also admonished that he must comply with the Local Rules regarding the format of a pleading, such as L.R. 11-3.2, which requires that the lines on each page be numbered and that no more than 28 lines of double-spaced text be on each page. Irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court

rules"). Similarly, plaintiff must sign and date his pleading, if he decides to file a First Amended Complaint. (*See* L.R. 11-1.) Finally, plaintiff must comply with Fed. R. Civ. P. 10, which requires that the caption of a pleading include all defendants listed in the body of the pleading. Here, the caption of the Complaint does not list any specific defendants by name.

For these reasons, the Court finds that plaintiff's Complaint fails to state a claim against upon which relief may be granted, and therefore, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

\*\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than March 5, 2019, remedying the deficiencies discussed below.**[1] The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all the claims that he wishes to assert in a First Amended Complaint. **Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or if he fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action**

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

**be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

Finally, the Court notes that the Complaint affirmatively alleges that plaintiff has not completed exhaustion of his administrative remedies regarding the alleged incident. (ECF No. 1 at 2 (stating that a grievance was filed by plaintiff but was still pending at the time the Complaint was filed).) The Prison Litigation Reform Act of 1995, 42 U.S.C.§ 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). "[F]ederal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure." *Panaro v. City of North Las Vegas*, 432 F.3d 949, 954 (9th Cir. 2005). A prisoner must pursue a remedy through all levels of the prison's grievance process "as long as some action can be ordered in response to the complaint," *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005), regardless of the relief offered through such procedures. *Booth*, 532 U.S. at 741. Exhaustion of administrative remedies must be completed *before* the suit is filed. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006). That apparently did not occur here.

If plaintiff no longer wishes to pursue this action or if he wishes to dismiss the action in order to complete the administration exhaustion process, he may request a voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: 1/31/2019

———————————————
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments: Civil Rights Complaint (Form CV-066)
Notice of Dismissal Form (CV-009)