# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO R. COLON,<br><br>　　　　　Plaintiff,<br>　v.<br>LOS ANGELES COUNTY JAIL,<br><br>　　　　　Defendant. | Case No. 2:18-cv-09727-R (AFM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On November 19, 2018, plaintiff, who is presently incarcerated at the Twin Towers Correctional Facility in Los Angeles, filed a Complaint (ECF No. 1) in this *pro se* civil rights action under 42 U.S.C. §1983. Plaintiff was subsequently granted leave to proceed without prepayment of the filing fee. (ECF No. 4.) The Complaint named a single defendant, "Los Angeles County Jail" and requested monetary relief based upon an alleged accident in which plaintiff was injured. (ECF No. 1 at 5-6.) The Court screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

| | |
|---|---|
| 1 | Following careful review of the Complaint, the Court found that it (1) failed |
| 2 | to name a defendant that is a "person" who acted under color of state law as required |
| 3 | for a claim under Section 1983; (2) failed to provide any defendant with a short and |
| 4 | plain statement of plaintiff's claims; (3) failed to allege any specific municipal |
| 5 | policies or practices of the City of Los Angeles that caused Plaintiff's injuries; and |
| 6 | (4) failed to show that any defendant acted with deliberate indifference to plaintiff's |
| 7 | serious medical needs. (*See* ECF No. 6.) Consequently, the Court found that |
| 8 | plaintiff's Complaint failed to state a claim upon which relief may be granted. |
| 9 | Accordingly, the Court dismissed plaintiff's Complaint with leave to amend. The |
| 10 | Court admonished plaintiff that if he failed to timely file a First Amended Complaint, |
| 11 | or if he failed to remedy the deficiencies of his pleading as discussed in the Court's |
| 12 | Order, "the Court will recommend that the action be dismissed with prejudice on the |
| 13 | grounds set forth above and for failure to diligently prosecute." (*Id*. at 7-8.) |
| 14 | On February 22, 2019, plaintiff timely filed a First Amended Complaint |
| 15 | ("FAC"). Plaintiff's FAC differs substantively from the Complaint in only one |
| 16 | respect. He now names a single defendant, "Twin Towers Correctional Facility," in |
| 17 | its official capacity. (ECF No. 7 at 3.) In language identical to the Complaint, the |
| 18 | allegations in plaintiff's FAC concern injuries that he allegedly sustained on |
| 19 | October 28, 2018, as a result of a broken window in the jail that fell, striking him on |
| 20 | the back of the neck. This resulted in cuts to plaintiff's neck, arms, and feet. The |
| 21 | FAC further alleges that plaintiff was given inadequate medical assistance and that |
| 22 | no x-rays were taken of plaintiff's neck and shoulders. It is alleged that plaintiff has |
| 23 | pinched nerves in both arms and cannot turn his head to the right. The FAC also |
| 24 | alleges that the window had been originally broken on approximately August 2 or 3, |
| 25 | 2018, but had not been fixed despite multiple work orders and random shards of glass |
| 26 | falling from it. The FAC seeks "compensation of at least 1.5 million dollars." (*Id*. |
| 27 | at 6.) |
| 28 | The Court has now screened plaintiff's FAC prior to ordering service for |

purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was

required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations

sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Since plaintiff is a *pro se* litigant, the Court must construe the allegations of the FAC liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's FAC must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, **the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim**. *Johnson*, 135 S. Ct. at 347.

Here, plaintiff's FAC fails to set forth a simple and direct statement of the factual basis of any claim that is sufficient to allow any defendant to discern what he or she is being sued for. Plaintiff's FAC fails to name any defendant that is a "person" who acted under color of state law as required for a claim under Section 1983 and fails to allege any specific municipal policies or practices of the City of Los Angeles that caused Plaintiff's injuries. The FAC thus fails to state a claim upon which relief may be granted. Moreover, to the extent the FAC is attempting to state a claim for

5

deliberate indifference to plaintiff's medical needs, it has not adequately pled such a claim.

To state a federal civil rights claim, **plaintiff must allege that a "person," while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute.** *See West v. Atkins*, 487 U.S. 42, 48 (1988). **The term "person" includes state and local officials sued in their individual capacities and local governments**. *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002); *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). It does not, however, encompass "sub-units" of local governments such as municipal departments or agencies, such as a jail or correctional facility. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983); *Morales v. City of Delano,* 2010 WL 2942645, at *3-4 (E.D. Cal. July 23, 2010) (collecting cases holding that municipal sub-units, such as police departments, are not "persons" under section 1983). Accordingly, **the "Twin Towers Correctional Facility," as a municipal sub-unit is not a person under Section 1983** and not a proper defendant.

Moreover, even if the FAC could be read as a suit against the City of Los Angeles, **a local government is liable in a section 1983 action only if the plaintiff can establish that the municipality or county sued "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered."** *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978)). In *Monell*, the Supreme Court specifically rejected governmental liability based on the doctrine of respondeat superior, or vicarious liability. 436 U.S. at 691-94. Therefore, a local government cannot be held liable under section 1983 merely because one or more of its employees violated a person's rights. *Id*. **The FAC however, does not identify, as required by *Monell*, any <u>specific</u> municipal policies or practices of**

**the City of Los Angeles that caused Plaintiff's alleged injuries.** In other words, conclusory allegations, such as a window was left "in a state of disrepair" or that "all repair requests have been ignored" do not allege facts with the specificity required to cognize a claim. (ECF No. 7 at 5.)

As to the FAC's allegations concerning inadequate medical care, **a defendant is liable for the denial or delay of medical care for a prisoner's serious medical needs only when the defendant is deliberately indifferent to the prisoner's known serious medical needs.** *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The test for deliberate indifference contains two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. (*Id.*) Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. (*Id.*) To satisfy this second part, plaintiff must show (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by such indifference. (*Id.*) Here, while the FAC's allegations may be sufficient to satisfy the first prong of the test, **there are inadequate allegations as to who allegedly acted with deliberate indifference, how that person learned of plaintiff's serious medical need, what the person specifically did or did not do in response to that knowledge, and in what way those actions resulted in plaintiff's injury.**

In the Court's January 31, 2019, Order dismissing the original Complaint with leave to amend (ECF No. 6), the Court advised plaintiff of all of the deficiencies contained in the Complaint. As the exact same allegations were contained in the Complaint as in his First Amended Complaint, plaintiff was already advised of every deficiency that is again noted in this Order. In response to the January Order, plaintiff duplicated the substance of his Complaint. The text in the "Claims" and "Request for Relief" sections in his FAC are each identical to those sections in the Complaint. Except to name a different defendant and check the "official capacity" box under

7

1 defendant "Twin Towers Correctional Facility," plaintiff has done nothing to attempt
2 to remedy any of the deficiencies found in the Complaint. As such, and as set forth
3 herein, plaintiff has still failed to state any federal civil rights claim against any
4 defendant.

5 First, plaintiff failed to name any proper defendant such as a state or local
6 official sued in his or her individual capacity or a local government. Second, plaintiff
7 failed to set forth a simple and direct statement of the factual basis of any claim that
8 is sufficient to allow any defendant to discern what he or she is being sued for. Third,
9 plaintiff has not identified any specific municipal policies or practices of the City of
10 Los Angeles that caused plaintiff's alleged injuries. Fourth, plaintiff has not shown
11 that any specific defendant's response to plaintiff's serious medical need was
12 deliberately indifferent.

13 The forgoing notwithstanding, the FAC is dismissed with leave to amend.
14 However, plaintiff is cautioned that this is his last opportunity to amend his pleading.
15 If, in his Second Amended Complaint, plaintiff fails to remedy the deficiencies of
16 this pleading as discussed herein, the Court will recommend that the action be
17 dismissed without leave to amend and with prejudice. *See Rosati*, 791 F.3d at 1039
18 ("A district court should not dismiss a *pro se* complaint without leave to amend
19 unless it is absolutely clear that the deficiencies of the complaint could not be cured
20 by amendment.") (internal quotation marks omitted). Plaintiff is also admonished
21 that he must comply with the Local Rules regarding the format of a pleading, such as
22 L.R. 11-3.2, which requires that the lines on each page be numbered and that no more
23 than 28 lines of double-spaced text be on each page. Irrespective of his *pro se* status,
24 plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules
25 of the United States District Court for the Central District of California. *See, e.g.,*
26 *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se*
27 litigants are not excused from following court rules"). Similarly, plaintiff must sign
28 and date his pleading, if he decides to file a Second Amended Complaint. (*See* L.R.

11-1.) Finally, plaintiff must comply with Fed. R. Civ. P. 10, which requires that the caption of a pleading include all defendants listed in the body of the pleading. Here, the caption of the FAC does not list any specific defendants by name.

************

**If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than April 26, 2019, remedying the deficiencies discussed above.**[1] The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all the claims that he wishes to assert in a Second Amended Complaint. **Plaintiff is further admonished, if he fails to timely file a Second Amended Complaint, or if he fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

Finally, the Court notes that the FAC affirmatively alleges that plaintiff has not completed exhaustion of his administrative remedies regarding the alleged incident. (ECF No. 7 at 2 (stating that a grievance was filed by plaintiff but was still pending at the time the FAC was filed).) The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. *Booth v. Churner*, 532 U.S. 731,

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

733-34 (2001). "[F]ederal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure." *Panaro v. City of North Las Vegas*, 432 F.3d 949, 954 (9th Cir. 2005). A prisoner must pursue a remedy through all levels of the prison's grievance process "as long as some action can be ordered in response to the complaint," *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005), regardless of the relief offered through such procedures. *Booth*, 532 U.S. at 741. Exhaustion of administrative remedies must be completed *before* the suit is filed. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006). That apparently did not occur here.

If plaintiff no longer wishes to pursue this action or if he wishes to dismiss the action in order to complete the administration exhaustion process, he may request a voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: March 26, 2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments: Civil Rights Complaint (Form CV-066)
Notice of Dismissal Form (CV-009)