# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINO R. COLON,<br><br>    Plaintiff,<br><br>    v.<br><br>LOS ANGELES COUNTY SHERIFFS DEPARTMENT,<br><br>    Defendant. | Case No. 2:18-cv-09727-R (AFM)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I.  SUMMARY OF PROCEEDINGS

Plaintiff, a state prisoner presently held at the Twin Towers Correctional Facility in Los Angeles, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on November 19, 2018. Plaintiff was subsequently granted leave to proceed without prepayment of the filing fee. (ECF No. 4.) The Complaint named a single defendant, "Los Angeles County Jail" and requested monetary relief based upon an alleged accident in which plaintiff was injured. (ECF No. 1 at 5-6.) Following careful review of the Complaint, the Court found that it failed to state a claim upon which relief may be granted. Accordingly, the Court dismissed plaintiff's Complaint with leave to amend. The Court admonished plaintiff that if he failed to timely file a First Amended Complaint, or if he failed to remedy the deficiencies of

his pleading as discussed in the Court's Order, then the Court would recommend that the action be dismissed with prejudice.

On February 22, 2019, plaintiff timely filed a First Amended Complaint ("FAC"). (ECF No. 7.) In language identical to the Complaint, the claims in plaintiff's FAC again alleged injuries that occurred when a broken window fell on plaintiff, striking him on the back of the neck. The FAC sought "compensation of at least 1.5 million dollars." (*Id*. at 6.) After screening the FAC, the Court found that it failed to state a claim upon which relief may be granted.

Because plaintiff is an inmate appearing *pro se*, the Court provided him with one final opportunity to amend his pleading to correct the deficiencies identified in the Court's Orders Dismissing. Accordingly, the FAC was dismissed with leave to amend. Plaintiff was ordered, if he desired to pursue this action, to file a Second Amended Complaint no later than April 26, 2019, remedying the deficiencies discussed in the Court's Order. Further, plaintiff was admonished that, if he failed to timely file a Second Amended Complaint or failed to remedy the deficiencies of his pleading as discussed therein, then the Court would recommend that the action be dismissed with prejudice.

On April 12, 2019, plaintiff timely filed a Second Amended Complaint ("SAC"), the operative pleading herein. (ECF Nos. 11, 12.) Plaintiff's SAC names two defendants. In the caption, plaintiff names the Los Angeles County Sheriff's Department. In the body of the SAC, plaintiff names a Deputy Martinez in his official capacity. (ECF No. 12 at 1, 3.) Plaintiff requests "at the very least monetary relief of 1.5 million dollars." (ECF No. 11 at 4.)

Following careful review of the SAC, the Court finds that Plaintiff's SAC once again fails to comply with Rule 8 and fails to state a plausible claim against the named defendant.

**If plaintiff desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than May 24, 2019, remedying the deficiencies**

**discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without further leave to amend and with prejudice.[1]

## II. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff alleges that in August, 2018, a window at the Twin Towers Correctional Facility was broken. (ECF No. 11 at 3.) Plaintiff alleges that Deputy Martinez submitted a work order requesting that the window be repaired. (*Id*.) Plaintiff further alleges that on October 28, 2018, while under the supervision of Deputy Martinez, plaintiff was stuck by glass that fell from the broken window and was injured. (*Id*.) Plaintiff also alleges that since his injury he has suffered flashbacks, sleeplessness, and pain. (*Id*. at 1.)

## III. APPLICABLE LEGAL STANDARDS

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the SAC prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e.

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Second Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Third Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678).

Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'. . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

## IV. DISCUSSION

### A. Rule 8

The Court has previously admonished plaintiff that he must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry*, 84 F.3d at 1177-79; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d at 674. A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014).

The only allegation in the SAC against Deputy Martinez is that he "should not have left anybody in that pod knowing that window could fall out." (ECF No. 11 at

3.) While plaintiff names the Los Angeles County Sheriff's Department in his caption, there are no allegations made against the Department in the body of plaintiff's SAC. Because it would be difficult for any defendant to formulate applicable defenses to plaintiff's sparse pleading, the Court again finds that plaintiff's SAC fails to comply with Rule 8.

### B. Official Capacity Claim

To the extent that plaintiff purports to allege any claim against Deputy Martinez in his official capacity, as the Court previously twice admonished plaintiff, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id*. at 166. Accordingly, plaintiff's claim against an officer in his or her official capacity is the same as a claim against his or her employer.

To state a claim arising from the execution of an entity's policy or custom, plaintiff must set forth factual allegations to show that the execution of a specific policy, ordinance, regulation, custom or the like of the police department was the "actionable cause" of any alleged constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but-for and proximate causation"). An "official capacity" claim may not be premised on an isolated or sporadic incident. *See, e.g.*, *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Here, plaintiff alleges that a broken window fell and injured him. (ECF No. 11 at 1, 3.) Plaintiff further alleges that Deputy Martinez put in a work order for the window to be fixed and that Deputy Martinez should not have allowed persons to be

in the "pod" where the broken window was located, "knowing that [the] window could fall out." (*Id*. at 3.) However, plaintiff fails to set forth specific factual allegations showing a policy, custom or practice by the Department. Further, plaintiff fails to allege facts indicating how Deputy Martinez knew that the window could fall. Similarly, plaintiff does not allege facts showing that Deputy Martinez had any authority to direct the movement or placement of inmates.

Even if the FAC could be read as a suit against Los Angeles County, the Court previously admonished plaintiff that a local government is liable in a section 1983 action only if the plaintiff can establish that the municipality or county sued "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978)). In *Monell*, the Supreme Court specifically rejected governmental liability based on the doctrine of respondeat superior, or vicarious liability. 436 U.S. at 691-94. Therefore, a local government cannot be held liable under section 1983 merely because one or more of its employees violated a person's rights. *Id*. The SAC however, does not identify any specific policies, customs, or practices of the County of Los Angeles that caused plaintiff's alleged injuries. Conclusory allegations, such as the Deputy "should not have left anybody in that pod knowing that window could fall out" or that "all repair requests have been ignored" do not allege facts with the required plausibility to state a cognizable claim. (ECF Nos. 11 at 3; 7 at 5.)

**C. Eighth Amendment Claim**

It appears that plaintiff may be attempting to allege a claim based on a failure of Deputy Martinez to prevent harm from the falling glass/window. Prisoners alleging Eighth Amendment violations based on unsafe conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). The Ninth Circuit has stated:

> Persons involuntarily confined by the state have a constitutional right to safe conditions of confinement. *See Youngberg v. Romeo,* 1982, 457 U.S. 307, 315–16, 102 S.Ct. 2452, 2458, 73 L.Ed.2d 28; *Santana v. Collazo,* 1 Cir., 1983, 714 F.2d 1172, 1183 [1983]. Not every deviation from ideally safe conditions amounts to a constitutional violation, *see, e.g., Santana* at 1183. However, the Eighth Amendment entitles inmates in a penal institution to an adequate level of personal safety. This is required because inmates, by reason of their confinement, cannot provide for their own safety. *Santana, supra,* 714 F.2d at 1183. *See also Estelle v. Gamble,* 1976, 429 U.S. 97, at 103–04, 97 S.Ct. 285, 290–91, 50 L.Ed.2d 251.

*Hoptowit v. Spellman,* 753 F.2d 779, 784 (9th Cir. 1985) (concluding that safety hazards, exacerbated by poor or inadequate lighting, pervaded a Washington penitentiary's occupational areas, "seriously threaten[ing] the safety and security of inmates and creat[ing] an unconstitutional infliction of pain"); *see also, Osolinski v. Kane,* 92 F.3d 934, 938 (9th Cir. 1996) (where an inmate suffered second-degree burns on his arm when an oven door fell off its hinges, the failure to repair the oven door prior to the injury did not violate the Eighth Amendment).

To state a claim "based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer,* 511 U.S. at 834; *accord Hall v. Myotte*, 2019 WL 1858274, at *1 (9th Cir. 2019). The prisoner must also demonstrate that the defendant had a "sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834. This standard requires that the official be subjectively aware of the risk; it is not enough that the official objectively should have recognized the danger but failed to do so. *Id.* at 838. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to that inmate's health or safety. *Id.* at 837-38. However, not every foreseeable accident constitutes deliberate

indifference. *Smith v. Silva*, 2016 WL 8731317, at *3 (E.D. Cal. July 1, 2016) (citing *Farmer*, 511 U.S. at 835).

Plaintiff's allegation that Deputy Martinez submitted a work order requesting that the window be repaired (ECF No. 11 at 3) indicates that Deputy Martinez was aware the window was in disrepair, but it does not address whether Deputy Martinez was "subjectively aware" that the broken window posed a "substantial risk of serious harm." *Farmer,* 511 U.S. at 834. Plaintiff alleges that plaintiff was struck by the falling broken window and/or glass and was injured while he was under the supervision of Deputy Martinez. (*Id.*) Even if Deputy Martinez' conduct is assumed to constitute an objectively serious deprivation, plaintiff does not plausibly allege that Deputy Martinez acted with a culpable state of mind. The circumstances alleged in the SAC do not support a plausible inference that Deputy Martinez intended to harm plaintiff, or that he knew that glass or the window would fall. As pled, the allegations in the SAC support no more than possible negligence, and therefore do not state a claim for relief under the Eighth Amendment. Negligence and gross negligence do not constitute deliberate indifference. *Farmer*, 511 U.S. at 835-36 (negligence); *see Dent v. Sessions*, 900 F.3d 1075, 1083 (9th Cir. 2018) (gross negligence). "Accidents" and "inadvertent failure" do not rise to the level of deliberate indifference, either. *See Estelle*, 429 U.S. at 105-106 (1976); *see, e.g., Daniels v. Williams*, 474 U.S. 327, 328 (1986) (finding sheriff's deputy not liable under Section 1983 for injuries sustained by inmate who slipped on pillow negligently left on stairs).

Finally, to the extent that plaintiff is attempting to allege that his right to personal security has been violated, the SAC does not plausibly allege that there was an excessive and substantial risk of serious harm in the pod where plaintiff was standing when the glass fell from the window. *See Farmer*, 511 U.S. at 834. A single, isolated incident does not amount to an "excessive" or "substantial risk" to inmate safety as a matter of law. *See, e.g., LeMaire v. Maass,* 12 F.3d 1444, 1457

(9th Cir. 1993) (finding that shackling a dangerous inmate while he showered does not create sufficiently unsafe condition even if the inmate might fall).

### D. Exhaustion Requirement

The Court notes that the SAC affirmatively alleges that plaintiff has not completed exhaustion of his administrative remedies regarding the alleged incident. (ECF No. 7 at 2 (stating that a grievance was filed by plaintiff but was still pending at the time the FAC was filed).) The Prison Litigation Reform Act of 1995, 42 U.S.C.§ 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). "[F]ederal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure." *Panaro v. City of North Las Vegas*, 432 F.3d 949, 954 (9th Cir. 2005). A prisoner must pursue a remedy through all levels of the prison's grievance process "as long as some action can be ordered in response to the complaint," *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005), regardless of the relief offered through such procedures. *Booth*, 532 U.S. at 741. Exhaustion of administrative remedies must be completed *before* the suit is filed. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006). That apparently did not occur here and would require dismissal of this case.

## V. CONCLUSION

In the Court's Order dismissing plaintiff's original Complaint with leave to amend (ECF No. 6), the Court advised plaintiff of the deficiencies contained in the Complaint. In his FAC, plaintiff alleged the same allegations that were alleged in the Complaint. Despite having twice been advised of these deficiencies, plaintiff has not remedied them in his SAC. As such, and as set forth herein, plaintiff has still failed to state a federal civil rights claim against any defendant.

The forgoing notwithstanding, the SAC is dismissed with leave to amend. Plaintiff is cautioned that this is his last opportunity to amend his pleading. If, in his

Third Amended Complaint, plaintiff fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed without leave to amend and with prejudice. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). Plaintiff is also admonished that he must comply with the Local Rules regarding the format of a pleading, such as L.R. 11-3.2, which requires that the lines on each page be numbered and that no more than 28 lines of double-spaced text be on each page. Irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"). Similarly, plaintiff must sign and date his pleading, if he decides to file a Third Amended Complaint. (*See* L.R. 11-1.)

************

**If plaintiff desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than May 24, 2019, remedying the deficiencies discussed above**. The Third Amended Complaint should bear the docket number assigned in this case; be labeled "Third Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, the Second Amended Complaint, or any other pleading, attachment, or document. The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all the claims that he wishes to assert in a Third Amended Complaint.

If plaintiff no longer wishes to pursue this action or if he wishes to dismiss the action in order to complete the administration exhaustion process, he may request a voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil

Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished, if he fails to timely file a Third Amended Complaint, or if he fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED:  5/1/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments:  Civil Rights Complaint (Form CV-066)
　　　　　　　Notice of Dismissal Form (CV-009)